

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2013

# Laudis Lemus Retana v. Attorney General United States

Precedential or Non-Precedential: Non-Precedential

Docket No. 13-1799

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2013

Recommended Citation

"Laudis Lemus Retana v. Attorney General United States" (2013). *2013 Decisions.* Paper 390.
http://digitalcommons.law.villanova.edu/thirdcircuit_2013/390

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2013 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1799
_____

LAUDIS SADABI LEMUS RETANA,
                                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-779-404)
Immigration Judge:  Honorable Mirlande Tadal
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 9, 2013
Before:  SMITH, GREENAWAY, JR. and SHWARTZ, Circuit Judges

(Opinion filed:  August 12, 2013)
_____

OPINION
_____

PER CURIAM

Laudis Sadabi Lemus Retana, a native and citizen of Guatemala, petitions for review of

an order of the Board of Immigration Appeals ("BIA") denying his motion for reconsideration.

For the reasons that follow, we will deny the petition for review.

After illegally entering the United States, Lemus Retana was served with a Notice to Appear charging him with being removable as an alien present in the United States without being admitted or paroled. (A.R. 361.) He conceded removability but sought cancellation of removal. He asserted that he was physically present in the United States for a continuous period of ten years and that his qualifying relatives (his United States citizen wife and daughter) would suffer exceptional and extremely unusual hardship if he were removed. See 8 U.S.C. § 1229b(b)(1).

The Immigration Judge ("IJ") found that Lemus Retana failed to show the requisite hardship because his wife and daughter were healthy, would remain in the United States if he were removed, and would be financially secure because his wife was employed. (A.R. 83.) Lemus Retana's cancellation of removal application was, therefore, denied. He appealed to the BIA, arguing that he had established continuous presence and that his qualifying relatives would suffer exceptional and extremely unusual hardship upon his removal.[1] (A.R. 44-51.)

The BIA dismissed his appeal, affirming the IJ's dispositive finding that Lemus Retana failed to establish exceptional and extremely unusual hardship. (A.R. 17.) Lemus Retana then filed a motion for reconsideration solely pertaining to that issue. (A.R. 9-14.) The BIA denied reconsideration (A.R. 3) and Lemus Retana timely petitioned for review.

---

[1] Because there were several discrepancies in the dates Lemus Retana provided regarding his entry into the United States, the IJ also found that he "failed to establish that he continuously resided in the U.S. during the requisite period." (A.R. 103.) Lemus Retana raised the issue of continuous physical presence on appeal to the BIA, but the BIA did not consider it, given that his failure to establish the requisite hardship was dispositive. (A.R. 17.)

## II.

The Government argues that Lemus Retana waived any challenge to the BIA's denial of his motion for reconsideration because he does not mention it at all in his brief. (Resp't Br., p. 7.) It is true that Lemus Retana's arguments pertain only to the BIA's opinion dismissing his appeal and the IJ's credibility determinations. (Pet'r's Br., pp. 2, 14.) We only have jurisdiction to review the BIA's denial of his motion for reconsideration, because that is the only decision from which he filed a timely petition for review.[2] See 8 U.S.C. §§ 1252(a) and (b)(1); Stone v. INS, 514 U.S. 386, 405 (1995); McAllister v. Att'y Gen., 444 F.3d 178, 185 (3d Cir. 2006). Lemus Retana's arguments are irrelevant to the issue that is properly before us, that is, whether the BIA abused its discretion in denying his motion for reconsideration.

The BIA denied Lemus Retana's motion for reconsideration because he did not present new legal arguments or point out specific errors of fact or law in its decision dismissing his appeal. See 8 C.F.R. 1003.2(b)(1). Indeed, the record reflects that Lemus Retana's motion for reconsideration merely repeated arguments that he previously made on appeal. (A.R. 9-14; 48-51.) Thus, we conclude that the BIA did not abuse its discretion in denying Lemus Retana's motion for reconsideration.

## III.

For the foregoing reasons, we will deny Lemus Retana's petition for review.

---

[2] We apply the abuse of discretion standard to our review, and will disturb the BIA's denial of a motion to reconsider only if it was "arbitrary, irrational, or contrary to law." Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005).